Chief Judge Fui<d (concurring).
Some three years ago, the court held in People v. Kulis (18 N Y 2d 318) that, although a statement taken from a defendant in violation of his constitutional rights — under Miranda v. Arizona (384 U. S. 436) —may not be received in evidence against him, it could, nevertheless, be used for purposes of cross-examining him if he takes the witness stand and testifies in his own defense. This seemed wrong to Judge Keating and to me, and we dissented (18 N Y 2d, at pp. 323-324) on the ground that the use of an illegally obtained confession or statement, even for impeachment purposes, violates a court’s responsibility to preserve and maintain basic constitutional rights. Sanctioning the admissibility of such statements affords the very sort of incentive for interrogation without the warnings required by Miranda (384 U. S. 436, supra) that the Supreme Court was attempting to eliminate when it ruled that the product of such interrogations could not be used as evidence of guilt. Not alone a need to deter official misconduct but a regard for “ the imperative of judicial integrity ” (Elkins v. United States, 364 U. S. 206, 222) seems to me to mandate that a confession which was unlawfully taken from a defendant should not be used for any purpose.
I still believe that this is so, and I am reinforced in that view by the fact that, since the Kulis decision was handed down, at least a dozen tribunals, including the highest courts of three states and six Federal Courts of Appeals, have specifically rejected the rule adopted in Kulis and held an illegally procured statement completely unusable.[1] However, in light of the major *179 ity’s present determination to adhere to the decision in People v. Kulis (18 N Y 2d 318, supra), I deem myself constrained to cast my vote for an affirmance.
Judges Burke, Soilbppi, Bbrgan, Breitel and Jasen concur in Per Curiam; Chief Judge Fuld concurs in a separate opinion.
Judgment affirmed.

. See State v. Brewton (247 Ore. 241, cert. den. 387 U. S. 943 [1967]); Commonwealth v. Padgett (428 Pa. 229 [1968]); Gaertner v. State (35 Wis. 2d 159 [1968]); Proctor v. United States (404 F. 2d 819 [D. C. Cir., 1968]); United States v. Fox (403 F. 2d 97 [2d Cir., 1968]); United States ex rel. Mill v. Pinto (394 F. 2d 470 [3d Cir., 1968]); Breedlove v. Beto (404 F. 2d 1019 [5th Cir., 1968]); Groshart v. United States, 392 F. 2d 172 [9th Cir., 1968]); Wheeler V. United States, 382 F. 2d 998 [10th Cir., 1967]); United States v. Prebish (290 F. Supp. 268, 273-275 [D. C., Fla., 1968]); United States v. Birrell (276 F. Supp. 798, 817 [D. C., S. D., N. Y., 1967]); cf. United States v. Armetta (378 F. 2d 658, 661-662 [2d Cir., 1967]).